**UNITED STATES DISTRICT COURT**

**DISTRICT OF SOUTH DAKOTA**

**CENTRAL DIVISION**

FILED
SEP - 6 2005
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. 05-30050(01) |
| Plaintiff, | |
| -vs- | MEMORANDUM OPINION AND ORDER |
| ROBERT V. KILLS, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant, Robert V. Kills (Kills) has filed a Motion for Severance of Defendants for Trial and supporting Memorandum, Docket Nos. 36, 37. In his Motion, Kills claims that he was improperly joined with the co-Defendant, Jason A. Kimmel (Kimmel), or alternatively, if joinder was proper, that severance must be granted so that his right to a fair trial is not prejudiced. After considering the Motion in light of the records on file, and the totality of the circumstances present, the Court concludes that the Motion should be denied.

I.

The pertinent facts and procedural history can be briefly stated. On or about January 25, 2005, in Todd County, on the Rosebud Reservation, Kimmel and Kills are alleged, as Indians, to have engaged in sexual acts with E.T.H. According to the Indictment, Kills did so at a time and place when E.T.H. was "incapable of appraising the nature of the conduct and was physically incapable of declining participation in and communicating [an] unwillingness to engage in the sexual act." Kimmel, on the other hand, is charged with knowingly attempting to cause or causing E.T.H., a female child between the ages of 12 and

16 years and at least four years younger than himself, to engage in sexual contact, specifically, contact between his penis and E.T.H.'s vulva. The search warrant and discovery materials on file reveal that Kimmel had sex with E.T.H. in Sharon Stead's bedroom and that Kills had sex with her later that night after she had passed out or gone to sleep.

Kills and Kimmel were indicted conjointly on the sexual abuse charges and both have entered not guilty pleas. A jury trial is scheduled for October 4, 2005.

## II.

Fed. R. Crim. P. 8(b) provides that two or more defendants may be charged in the same indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." "There is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993). Indeed, "[j]oint trials 'play a vital role in the criminal justice system.'" Id. (quoting Richardson v. Marsh, 481 U.S. 200, 209 (1987)). "They promote efficiency 'and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" Zafiro, 506 U.S. at 537 (quoting Richardson, 481 U.S. at 210).

Under Fed. R. Crim. P. 14(a), a court may grant a severance of trial if joinder "appears to prejudice a defendant." To warrant severance, the defendant must show "real prejudice" that is, "something more than the mere fact that he would have had a better chance for acquittal had he been tried separately." United States v. Mickelson, 378 F.3d 810, 817 (8th Cir. 2004) (citing United States v. Oakie, 12 F.3d 1436, 1441 (8th Cir. 1993); United States v. Adkins, 842 F.2d 210, 211-12 (8th Cir. 1988)). The question of whether a denial of a severance motion results in "clear or real prejudice" turns in large part on whether a jury is

able to compartmentalize the evidence against each defendant. United States v. Bordeaux, 84 F.3d 1544, 1547 (8th Cir. 1996); United States v. Blum, 65 F.3d 1436, 1444 (8th Cir. 1995), cert. denied, 516 U.S. 1097 (1996).

In the instant case, the two charges involve the same type of offenses (sexual abuse), allegedly perpetrated on the same person, right after each other on the same day, in the same place with the same people around. There can be little question that Kills and Kimmel participated in the same type of sex acts or series of acts/transactions at Stead's home. Accordingly, joinder was proper under Rule 8(b).

Kills claims that a joint trial would prejudice him because it would create spillover and compartmentalization problems. The Court disagrees. This does not appear to be a complex case or one in which a jury is likely to be confused and incapable of "compartmentalizing" the evidence. Mickelson, 378 F.3d at 818 (citing United States v. Washington, 318 F.3d 845, 858 (8th Cir. 2003); United States v. Jackson, 64 F.3d 1213, 1217 (8th Cir. 1995)). The case involves two distinct defendants, both of whom are charged with committing sexual abuse offenses. See United States v. McGuire, 45 F.3d 1177, 1187 (8th Cir.), cert. denied, 515 U.S. 1132 (1995). Any assumed disparity in the evidence where, for example, certain evidence is admissible against Kills, but not Kimmel, does not require severance. See Bordeaux, 84 F.3d at 1547; McGuire, 45 F.3d at 1187. Nor is Kills entitled to severance simply because the Government's evidence may be more damaging against Kimmel than him. See United States v. Garcia, 785 F.2d 214, 220 (8th Cir.), cert. denied, 475 U.S. 1143 (1986).

The Court is not convinced that there are any overriding reasons or unique circumstances present to warrant the granting of a separate trial to Kills. This, coupled with

the Court's belief that a joint trial would not compromise any of Kills' rights or result in actual prejudice or have a substantial and injurious effect or influence on the jury's verdict, see Zafiro, 508 U.S. at 539-41; United States v. Lane, 474 U.S. 438, 449 (1986); United States v. Ortiz, 315 F.3d 873, 897-900 (8th Cir. 2002), makes clear that severance is not required.

### III.

Lastly, it should be pointed out that Kills does not raise a Bruton issue. Assuming, without conceding, that such an issue does exist or should be examined, the Court finds and concludes that Kimmel's statements are not so "powerfully incriminating" that a separate trial is required. And, even if Kimmel's statements are facially incriminating, Kills has nonetheless failed to establish that any prejudice he may face, by virtue of the admission of the statements, could not be cured by the giving of a proper limiting instruction and the redaction in such statements to his name and any reference to his existence. See Richardson, 481 U.S. at 211; United States v. Logan, 210 F.3d 820, 821-23 (8th Cir.) (en banc), cert. denied, 531 U.S. 1053 (2000); see also McGuire, 45 F.3d at 1187 ("the Confrontation Clause is not violated by the admission into evidence of a non-testifying co-defendant's admission of a crime so long as a proper limiting instruction is given and the admission does not refer to the defendant"); United States v. Miller, 995 F.2d 865, 866-67 (8th Cir.) (no error in the refusal to sever a co-defendant's trial where redacted version of out of court statement made by co-defendant was admitted), cert. denied, 512 U.S. 1018 (1993). This being the case, severance is not obligatory under the Confrontation Clause.

### IV.

Based on the foregoing, it is hereby

ORDERED that Kills' Motion for Severance of Defendants for Trial, Docket No. 36, shall be and is denied.

Dated this 6th day of September, 2005, at Pierre, South Dakota.

BY THE COURT:

_____
MARK A. MORENO
UNITED STATES MAGISTRATE JUDGE

ATTEST:
JOSEPH HAAS, CLERK
BY:_____
                Deputy
(SEAL)